**JUDGE KOELTL**

MARC M. ISAAC (MI 1873)
Law Office of Marc M. Isaac PLLC
23 South Main Street, Suite 30
Freeport, New York 11520
(516) 750-1422
*Attorney for Plaintiff Sophie Grishanova*

**13 CV 5351(JGK)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SOPHIE GRISHANOVA,

        Plaintiff,

    -against-

NYP HOLDINGS, INC. d/b/a THE NEW YORK POST,

        Defendant.
-----------------------------------------------------------------x

**COMPLAINT**

Plaintiff Demands Trial by Jury

Case No.:

[RECEIVED JUL 3 1 2013 U.S.D.C. S.D.N.Y. CASHIERS]

      Plaintiff, Sophie Grishanova, by and through her attorney, Law Office of Marc M. Isaac PLLC, as and for her Complaint, alleges as follows:

### SUMMARY OF ACTION

      1.    This action is brought by Plaintiff against defendant NYP Holdings, Inc. d/b/a the New York Post ("Defendant" or the "Post") for its use and publication of a photograph of Plaintiff in violation of her intellectual property rights. The photograph appeared in the Post's February 9, 2013 print edition and the Post's March 13, 2013 print edition. From February 9, 2013 and March 13, 2013, to date, the photograph has also continuously been published by the Post on its website, with an improper photograph credit given to Warzer Jaff. Upon information and belief, the Post obtained the photograph by copying it from Plaintiff's profile on the social networking site *LinkedIn* in violation of the *LinkedIn* User Agreement.

## THE PARTIES

2. Plaintiff Sophie Grishanova ("Plaintiff" or "Ms. Grishanova") is a citizen and resident of the State of New York.

3. NYP Holdings, Inc. d/b/a the New York Post ("Defendant" or the "Post") is the owner and publisher of the newspaper the New York Post, which, upon information and belief, has a daily circulation of approximately 500,000.

4. The Post is a Delaware corporation, which is authorized to do business in New York.

5. The Post's principal executive office is located at 1211 Avenue of the Americas, New York, New York 10036.

6. The Post maintains a website with the homepage address *www.nypost.com*.

7. The Post's website is available world-wide via the internet.

## JURISDICTION AND VENUE

8. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

9. The venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400 given that a substantial part of the events giving rise to the claims herein occurred in the Southern District of New York and at the time of the commencement of this action, Defendant is subject to personal jurisdiction in the Southern District of New York.

## BACKGROUND

10. Ms. Grishanova had professional photographs taken in or about January 2010 by Popstudios, LLC ("Popstudios").

11. Popstudios transferred its copyright interest in the photographs to Ms. Grishanova on February 1, 2013. A copy of the Copyright and Print Release form is attached as Exhibit A.

12. One of the photographs included in the Popstudios's copyright transfer to Ms. Grishanova was a portrait of Ms. Grishanova ("Portrait").

13. Ms. Grishanova owns the copyright in and to the Portrait.

14. In or about June 2010, Ms. Grishanova posted the Portrait to her profile on the social networking website, *LinkedIn*.

15. In 2012, Ms. Grishanova became involved in litigation with the board of managers of the condominium in which she resided at the time, located at 80 John Street, New York, New York ("Condo Litigation").

16. On February 9, 2013 ("February Article") and March 13, 2013 ("March Article"), the Post published the Portrait in its print edition in connection with articles concerning the Condo Litigation (collectively, the "Articles"). *See* Exhibits B and C.

17. Upon information and belief, the Post obtained the Portrait by copying it from the social networking website *LinkedIn*, in violation of the *LinkedIn* User Agreement.

18. A photograph of Ms. Grishanova was not a necessary component of the Articles. The Portrait was included by the Post solely to sensationalize an otherwise mundane story concerning litigation that was otherwise not especially newsworthy -- Ms. Grishanova is described in the Articles as a "Russian beauty" and a "stunning investment analyst." *See* Exhibits B and C.

3

19. The Portrait was also published, and continues to be published, by the Post on its website in connection with internet versions of the Articles.

20. By publishing the Portrait with the Articles, the Post sought to exploit and capitalize upon Ms. Grishanova's likeness as she appeared in the Portrait in order to sell more newspapers and direct more traffic to its website, which, upon information and belief, generates substantial revenue through online advertising.

21. The Post has continuously published the Portrait on its website from February 9, 2013 to date.

22. In connection with the publication of the Portrait in connection with the February Article, the photographer credit for the Portrait has continuously been incorrectly attributed by the Post to Warzer Jaff. *See* Exhibit B.

23. Warzer Jaff was not the photographer of the Portrait.

24. Upon information and belief, the Post obtained the Portrait by copying it from the *LinkedIn* website and, without permission, using it in connection with the Articles.

25. In an e-mail message dated March 12, 2013, Ms. Grishanova, through her attorney, demanded that the Post discontinue publication of the Portrait because it was copyrighted. *See* Exhibit D.

26. In response to that e-mail, The Post, through its reporter Julia Marsh, requested that Ms. Grishanova provide the Post with a different photograph of herself. *See* Exhibit D.

27. Ms. Grishanova declined to provide the Post with another photograph of herself.

28. Later on March 12, 2013, a photographer, who upon information and belief was hired by the Post, unsuccessfully attempted to take a picture of Ms. Grishanova outside of a coffee shop in Brooklyn, New York.

4

29. After failing to obtain its own portrait of Ms. Grishanova, the Post published the Portrait again in its March 13, 2013 edition.

30. From on or about February 9, 2013 and March 13, 2013, to date, the Post has continuously published the Portrait in connection with the Articles on its website.

## COUNT I
## COPYRIGHT INFRINGEMENT
(17 U.S.C. §101 *et seq.*)

31. All of the allegations in the paragraphs above are incorporated by reference as if fully set forth herein.

32. On or about March 12, 2013, Ms. Grishanova submitted the Portrait for expedited copyright registration. A copy of the registration certificate, bearing Registration # VAu 1-123-584, which was submitted in a timely fashion within three months of publication or within one month of the infringements set forth herein, is attached as Exhibit E.

33. The Post has knowingly and willfully infringed and continues to infringe upon Ms. Grishanova's copyright in the Portrait by publication, reproduction, display, distribution, licensing, and/or sale without her permission or authorization.

34. The Post knew or should have known of Ms. Grishanova's rights in and to the Portrait and it has willfully and intentionally infringed on her exclusive rights in the Portrait under 17 U.S.C. §106, in violation of 17 U.S.C. § 501.

35. As a direct and proximate result of the copyright infringement set forth in this Complaint, Ms. Grishanova has been, and continues to be, damaged in an amount unknown at present and to be determined at trial. The Post has garnered and/or will garner substantial infringing profits in an amount presently unknown, which profits should be disgorged to Ms. Grishanova.

36. Ms. Grishanova is, alternatively, entitled to seek maximum statutory damages for each separate act of willful infringement by the Post in an amount of $150,000 per each infringement.

37. Ms. Grishanova has no adequate remedy at law to protect her rights to the Portrait and to prevent the Post from continuing to infringe upon the Portrait and injure her.

38. Ms. Grishanova has suffered, and continues to suffer, irreparable injury from the Post's conduct as alleged in this Complaint.

39. As a direct and proximate result of the copyright infringement set forth in this Complaint, Ms. Grishanova is entitled to preliminary and permanent injunctive relief enjoining and restraining the Post from continuing to infringe upon her copyright.

40. The Post has encouraged, assisted, induced, caused, and/or materially contributed to a vast number of copyright infringements of the Portrait in violation of 17 U.S.C. §§106 and 501.

41. The Post knew or had reason to know of the actual copyright of the Portrait.

42. The infringements of the Portrait that the Post has encouraged, assisted, induced, caused, and/or materially contributed to through the conduct described in this Complaint is without Ms. Grishanova's consent and not otherwise permissible under the Copyright Act.

43. Ms. Grishanova is entitled to recover from the Post the damages, including any attorneys' fees, she has sustained and will sustain, and any gains, profits, and advantages obtained by the Post as the result of its acts of infringement as alleged in this Complaint.

44. At present time, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Ms. Grishanova, but will be established at trial. Ms. Grishanova is also entitled to statutory damages for the Post's willful infringement of her copyright.

45. The Post has promoted, facilitated, and enabled -- and continues to promote, facilitate, and enable third-parties-- including, but not limited to, *therealdeal.com, ny.curbed.com, muckrack.com, newyorkcityinformer.com, runyweb.com* ("Third Parties") -- to copy, display, publish, and distribute the Portrait.

46. The Third Parties have published, used, and/or displayed the Portrait without Ms. Grishanova's authorization, thereby infringing on her copyright.

47. The Post induced and promoted the Third Parties' copyright infringement.

48. The Post is liable for the acts of infringement that have resulted from the Third Parties' use of the Portrait.

## COUNT II
## FALSE OR MISLEADING REPRESENTATION OF FACT
(15 U.S.C. §1125 (a)(1))

49. All of the allegations in the paragraphs above are incorporated by reference as if fully set forth herein.

50. Ms. Grishanova owns all intellectual property rights in and to the Portrait.

51. The attribution by the Post of the photographer credit of the Portrait to Warzer Jaff is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is in violation of 15 U.S.C. §1125 (a) in that the Post used and continues to use a false and misleading attribution of fact in connection with goods or services, which is likely to cause confusion or to deceive as to affiliation, connection or association of such person with another person, or as to the sponsorship or approval of his or her goods, services, or commercial activities and has caused such goods to enter into interstate commerce. Ms. Grishanova believes that she has been, and will continue to be, damaged by such false

description and representation by reason that viewers of the Portrait will be confused as to its source, sponsorship, or affiliation.

52. The Post has used and will continue to use in connection and association with the Portrait a false representation of the person entitled to the photo credit for the Portrait.

53. As a direct result of the Post's actions, the public is likely to be confused as to the origin and source of the Portrait and the purported photographer's relationship to Ms. Grishanova.

54. The public is also likely to be confused as to the authorship of the Portrait based on the misattribution by the Post.

55. The Post's continuation of its use of the incorrect attribution concerning its source for the Portrait constitutes a willful and intentional violation of 15 U.S.C. §1125 (a).

56. As a direct and proximate result of the willful and wanton conduct of the Post, Ms. Grishanova has been injured and will continue to suffer harm due to the pervasive reach of the internet in an amount unknown at present and to be determined at trial.

57. As the direct result of the Post's willful infringement and misrepresentation of fact, Ms. Grishanova is entitled to enhanced damages as provided by law and injunctive relief enjoining and restraining the Post from use of the Portrait.

## DEMAND FOR JURY TRIAL

58.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues so triable.

WHEREFORE, plaintiff Sophie Grishanova requests that a judgment be entered:

a) That the Post has knowingly and willfully infringed on her copyright in and to the Portrait;

b) That the Post has willfully converted her copyright interest in the Portrait to its own use, thereby depriving her of her legal rights and benefits, with malice, oppression, fraud, and conscious disregard;

c) Under 17 U.S.C. §502 (a), enjoining the Post, including its directors, officers, agents, servants, and employees from directly or indirectly infringing upon the Portrait during the pendency of this action and directing the Post to inform *Yahoo*, *Google*, *Bing* and *Ask* to remove the Portrait from their search engines;

d) Under 17 U.S.C. §502 (a), permanently enjoining the Post, including its directors, officers, agents, servants, and employees, from directly or indirectly infringing on the Portrait;

e) Under 17 U.S.C. §504 (b), in the amount of her actual damages and the Post's profits attributable to its infringement;

f) In the alternative, under 17 U.S.C. § 504 (c), at her election, awarding her statutory damages in an amount up to $150,000 for each separate infringement of the Portrait;

g) Under 15 U.S.C. §1117(a), awarding her the Post's profits and any damages that she might have sustained;

h) Awarding her the costs and disbursements of this action, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117;

i) Awarding her pre-judgment and post-judgment interest; and

    j) For further damages according to proof and for such other and further relief as the Court may deem just and proper.

Dated:    July 31, 2013

                                          Respectfully submitted,

                                          */s/ Marc M. Isaac*

                                        Marc M. Isaac, Esq. (MI 1873)
                                        Law Office of Marc M. Isaac PLLC
                                        23 South Main Street
                                        Suite 30
                                        Freeport, New York   11520
                                        (516) 750-1422
                                        *Attorney for Plaintiff*